UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LAVON LAMPKINS,<br><br>Plaintiff,<br><br>v.<br><br>MIAMI CORRECTIONAL FACILITY,<br>et al., | CAUSE NO.: 3:19-CV-341-JD-MGG |

OPINION AND ORDER

Lavon Lampkins, a prisoner without a lawyer, filed a complaint (ECF 1) against Miami Correctional Facility, John Doe #1, and John Doe #2, because after having a seizure he was made to sit in his own feces for five hours before he was allowed to take a shower. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In his complaint, Lampkins alleges that he had a seizure in his cell on November 2, 2018. ECF 1 at 1. Because he was having a seizure, his roommate pushed the intercom

button and advised the pod officer that he needed medical attention. *Id*. About fifteen minutes later, the pod officer called a signal and medical staff came to his aid. *Id*. After Lampkins became responsive, he realized he had defecated on himself during the seizure and needed to take a shower. *Id*. He informed the pod officer and dorm officer that he needed to take a shower and he was told he had to wait. *Id*. Lampkins was next evaluated in the medical unit where he also told the nurses he needed to shower. *Id*. The nurses informed the officers he should be allowed to take a shower when he returned to his dorm. *Id*. However, when he returned to the dorm, he was told he had to lockdown. *Id*. Because of the lockdown, Lampkins was made to sit in his own feces for five hours before he was permitted to shower. *Id*. Given these events, Lampkins claims he was subjected to cruel and unusual punishment in violation of his Eighth Amendment rights. *Id*.

    While his allegations are concerning, Lampkins has not stated a claim against any of the defendants he has named in this lawsuit. First, Lampkins has sued the Miami Correctional Facility, but the prison is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Second, Lampkins's complaint includes unnamed defendants—John Doe #1 and John Doe #2—the officers he claims are responsible for forcing him to sit in his own feces by not allowing him to take a shower. However, as a practical matter Lampkins's case cannot proceed against unnamed defendants. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997)("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does

2

not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."). Therefore, he cannot proceed against John Doe #1 and John Doe #2.

While the complaint does not state a claim, Lampkins will be afforded an opportunity to replead his claims. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). In the amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint (INND Rev. 8/16) and send it to Lavon Lampkins;

(2) GRANTS Lavon Lampkins until **August 9, 2019**, to file an amended complaint on that form; and

(3) CAUTIONS Lavon Lampkins that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on June 26, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT